**UNITED STATES DISTRICT COURT**
                          **MIDDLE DISTRICT OF FLORIDA**
                                **JACKSONVILLE DIVISION**

In the Matter of the Search of:

A single-family residence
located at 1730 Cortez Road,        Case No. 3:07-mc-6-J-32HTS
Jacksonville, Duval County,
Florida, as more particularly
described in Attachment B
_____

                              **REPORT AND RECOMMENDATION**[1]

     This cause is before the Court on the Supplement to Pending Motion for Return of Property (Doc. #5; Motion), which has been "allowed to serve as the viable pending instrument." Order (Doc. #10) at 2.[2] On June 12, 2007, a hearing in regard to the Motion was held, and thereafter the Statement of Pending Issues (Doc. #15; Statement) was filed.

     According to the Statement, some matters potentially remain outstanding. Movant asserts that (presumably at the hearing) "[t]he Government did . . . acknowledge [it] is in possession of

---

   [1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

   [2] The Motion "adopt[ed] and incorporate[d] by reference that authority set forth in" support of the original submission, Motion at 4, which was brought "pursuant to Rule 41(g), Federal Rules of Criminal Procedure[.]" Motion for Return of Property (Doc. #2) at 1.

drafts of the search warrant affidavit on which the State of Florida relied in seeking a warrant." Statement at 1. Nevertheless, the government in open court represented it "saw" an affidavit in draft form, never viewed a completed affidavit, and received only the actual search warrant. As mentioned at the hearing, it strikes the Court Movant has already received the paperwork the government possesses and relied upon to transfer the vehicle--that is, a copy of the warrant issued by the state authorities. Asked how the United States could convey this information in a manner satisfactory to Movant, counsel for Ms. Chrissman abandoned the issue, replying "I think we've heard it in Court, Your Honor." He later observed he was surprised the federal government would so willingly transfer property, "but if that's what's happened, that's what's happened." The Statement fails to articulate what "further accounting[,]" *id.* at 1, is now sought. Based on the parties' representations at the hearing, this aspect of the Motion appears to be moot.

In regard to the affidavit underlying the federal search warrant, the government stated the document needs to remain sealed due to the sensitivity of ongoing state and federal investigations and the danger to lives should the affidavit, which discloses informant information and details relevant to the investigations, be unsealed. *Cf. In re Grand Jury Proceedings*, 115 F.3d 1240, 1246 (5th Cir. 1997) (citing with approval *In re Eyecare Physicians of*

*Am.*, 100 F.3d 514, 516-17 (7th Cir. 1996), which rejected a claim that prior to indictment "the Fourth Amendment recognizes a right of access to sealed affidavits" and further held preindictment disclosure is not required by the Due Process Clause of the Fifth Amendment); *In re Search of S & S: Custom Cycle Shop*, 372 F. Supp. 2d 1048, 1051-52 (S.D. Ohio 2003) ("The better reasoned cases have held that no right to inspect sealed affidavits for search warrants exists under the Constitution or the Criminal Rules, prior to the initiation of a criminal proceeding against the movant." (emphasis omitted)). Thus, important interests are served by preserving the secrecy of ongoing investigations. Moreover, Movant was unable to suggest how she was being prejudiced by maintaining the affidavit under seal, or how the unsealing would further her motion for return of property. This is particularly the case since the only items remaining in the government's possession "are not ones the movant wishes to further litigate over at this point in time." Statement at 3.

Nevertheless, the Court's research has disclosed a procedural difficulty. Although filed as a motion pursuant to the Federal Rules of Criminal Procedure and therefore assigned a miscellaneous case designation (with the usual civil filing fee inapplicable), there is persuasive authority holding such motions cannot "be entertained absent the initiation of more substantive criminal proceedings." *In re Search of S & S*, 372 F. Supp. 2d at 1050

- 3 -

(relying on cases spanning several circuits); *see also, e.g., In re Search of the Scranton Hous. Auth.*, --- F. Supp. 2d ----, No. 04-MISC NOS. 318-322, 2007 WL 1378337, at *1 (M.D. Penn. May 11, 2007) (same). An action seeking return of property under the circumstances presented must be filed, if at all, as "an independent civil action[.]" *In re Search of the Scranton Hous. Auth.*, 2007 WL 1378337, at *4; *In re Search of S & S*, 372 F. Supp. 2d at 1053.

In accordance with the foregoing, it is hereby

**RECOMMENDED:**

The Motion (Doc. #5) should be **DISMISSED** without prejudice to the filing of an independent civil action.

**ENTERED** at Jacksonville, Florida, this 28th day of June, 2007.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of record
 and pro se parties, if any